**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIANFENG LIU,<br>Petitioner,<br>v.<br>DAVID J. VENTURELLA, et al.,<br>Respondents. | **CASE NO.** 5:26-CV- 05361-CTS<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I. INTRODUCTION

On September 15, 2026, Petitioner Jianfeng Liu ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States because his bond hearing was constitutionally deficient. (*See generally id.*) On September 23, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 7.) Petitioner did not file a Reply. (Rep., ECF No. 7.) In response to the Court's Order, on October 21, 2026, Respondents filed the transcript of Petitioner's August 26, 2026 bond hearing before an

Immigration Judge ("IJ") ("Transcript"). (Tr., ECF No. 10.) For the reasons set forth below, the Court DISMISSES the Petition WITHOUT PREJUDICE.

## II. BACKGROUND

The Petition alleges that Petitioner is a 48-year-old Chinese national. (Pet. ¶ 1.) He is a Catholic. (*Id.*) His grandmother is a devout Catholic who, with other elderly believers in her village, held small prayer and scripture gatherings in her home. (*Id.* at ¶ 26.) On April 4, 2021, Petitioner drove his grandmother and two other elderly parishioners to an Easter Mass to be celebrated by a visiting priest in a neighboring village. (*Id.*) Because most of those attending the Mass were elderly, Petitioner volunteered to help hang liturgical banners. (*Id.*) Police officers raided the gathering, singled out Petitioner as the "organizer" of an illegal religious assembly, handcuffed him together with the priest, and took him to the township police station. (*Id.*) There he was interrogated about his relationship with the priest and his supposed involvement in a "cult," was struck in the face when he refused to sign a prepared confession, and was then kicked to the ground, kicked in the abdomen and groin, and had his head struck against the floor until it bled. (*Id.*) He was held for five days and released on April 9, 2021, after his family paid a 10,000 RMB fine and a further 10,000 RMB as bail. (*Id.*) After his release he was placed under village surveillance and received threatening telephone calls from the police warning that his case would be "dealt with" after the pandemic. (*Id.*)

Sometime after he was released on April 9, 2021, and before August 30, 2021, Petitioner fled China and made his way to the United States. (*Id.* at ¶¶ 26–27.) He entered the United States without inspection on or about August 30, 2021. (*Id.* at ¶ 27.) He was not apprehended at the border. (*Id.*) On March 23, 2022, seven months after his arrival, Petitioner filed an application for asylum, based on his religion and the persecution described above. (*Id.* at ¶ 28.) He appeared for biometrics on July 18, 2025, as instructed. (*Id.*) He received employment

authorization on October 28, 2022, which was renewed on May 30, 2025. (*Id.* at ¶ 29.) He obtained a California driver license in his own name. (*Id.*) He lived at two addresses in five years, both of which he reported to United States Citizenship and Immigration Services. (*Id.*)

On February 3, 2024, the Montclair Police Department took Petitioner into custody in connection with a reported robbery. (*Id.* at ¶ 31.) He was released three days later, on February 6, 2024, when the San Bernardino County District Attorney's Office declined to file charges. (*Id.*)

On July 16, 2026, Petitioner reported for his scheduled asylum interview, where ICE officers took him into custody. (*Id.* at ¶ 33.) His asylum interview did not take place. (*Id.*) He was instead transported to the Adelanto ICE Processing Center. (*Id.*) On August 26, 2026, the IJ held a bond hearing and denied bond; while finding that Petitioner was not a danger, the IJ found that Petitioner had failed to establish he was "not a substantial flight risk," based on "the fact that [he] entered the United States without inspection in 2021," so had "only been here a short amount of time," had "minimal ties to the United States," had "the criminal arrest," and was "only eligible for limited forms of relief at this time." (Tr. 6.) Petitioner reserved his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.*) He filed the instant Petition on September 15, 2026, challenging the constitutional sufficiency of the IJ's August 26, 2026 bond determination. (Pet. ¶¶ 37–46.) He also argues, in the alternative, that ICE's decision to continue holding Petitioner in custody violates the Administrative Procedures Act. (*Id.* at ¶¶ 47–48.)

The Answer does not dispute these allegations, nor provide additional facts. (*See generally* Ans.)

## III. DISCUSSION

Respondent argues that the Petition should be denied because Petitioner has

not exhausted his administrative remedies. (Ans. 3.) The Court agrees on the specific facts of this case. Petitioner reserved his right to appeal to the BIA, but that appeal has not been exhausted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Exhaustion in these circumstances may be excused because, on habeas review under Section 2241, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)). However, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

"Courts may require prudential exhaustion if: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation omitted). Exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir. 1981)). Petitioner bears the burden of "demonstrat[ing] grounds for excusing the exhaustion requirement." *Leonardo*, 646 F.3d at 1161; *see also Jacinto Chacon v. Mullin*, No. 5:26-CV-03294-RAO, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) ("The party moving the court to

waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." (quoting *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025)).

As to the first *Puga* factor, Petitioner in this case complains that the IJ misapplied the factors set forth in *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). On the facts presented here, the Court finds that the BIA's subject matter expertise would be particularly valuable. The BIA has expertise on the issues presented in the Petition and is best able to generate a proper record for review. *Puga*, 488 F.3d at 815. Regarding the second *Puga* factor, the Court finds that Petitioner would have an "improper shortcut" to federal court, inverting the administrative remedy scheme, *Leonardo*, 646 F.3d at 1160, without justification in this case. At the bond hearing, the IJ properly placed the burden on Petitioner, see *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196–97 (9th Cir. 2022), and the IJ based his determination that Petitioner had not met his burden of showing that he was a risk of flight on his recent entry, his minimal ties to the United States, his criminal arrest, and the limited forms of available relief. (Tr. 6.) The Court does not find the IJ's decision to be facially deficient such that a "shortcut" to federal court is appropriate. The IJ's decision is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Once the administrative record is complete, a federal court would have the considered agency decision to review. Finally, regarding the third *Puga* factor, the BIA can correct the alleged deficiencies Petitioner identifies, if warranted.

Similarly, on this record, the Court does not find the IJ's decision to be facially deficient such that there are grounds for excusing the exhaustion requirement under *Laing*. The current record before the Court is not sufficient to demonstrate that an appeal of the IJ's bond determination to the BIA would be inadequate, futile, or void or would result in irreparable injury. *See Jacinto Chacon*, 2026 WL 2127177, at *5 (finding that waiver of prudential exhaustion was

not warranted); *see also An Wei v. Warden, Desert View Annex*, No. 8:26-CV-01481-JDE, 2026 WL 1916424, at *3 (C.D. Cal. June 30, 2026) ("Petitioner has not shown an appeal to the BIA in his particular case would necessarily be futile.").

As Petitioner has not shown that his failure to exhaust administrative remedies should be excused, the Petition is hereby DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT the Petition be DISMISSED WITHOUT PREJUDICE.

DATED: October 28, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE